UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>BANCO BNP PARIBAS BRASIL S.A.,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Case No. 22 Misc. 252 |

**[PROPOSED] ORDER GRANTING APPLICATION FOR
JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**

THIS CAUSE came before the Court upon the Application of BANCO BNP PARIBAS BRASIL S.A., as claimant in the pending proceeding against Empresa Alagoana de Terminais Ltda. and as a creditor in the pending reorganization proceeding of Copertrading Comércio Exportação e Importação S.A. before the Courts of the Judicial District of Maceió, in the State of Alagoas, Brazil ("Foreign Proceedings"), for Judicial Assistance Pursuant to 28 U.S.C. § 1782. The Court, having considered the Section 1782 Application, the Memorandum of Law, the Declaration of Felipe Vieira and accompanying Exhibits, and the Declaration of Berenice Le Diascorn and accompanying Exhibits, and otherwise being fully advised in the premises, finds as follows:

A.  Applicant has met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance and relief.

B.  For purposes of the instant Application, the following financial institutions and corporate entities reside or are found in the Southern District of New York: Citibank, N.A., The Bank of New York Mellon, Société Générale, New York Branch, HSBC Bank USA, N.A., BNP Paribas USA, JPMorgan Chase Bank, N.A., Barclays Bank PLC, Deutsche Bank Trust Co. Americas, The Bank of Nova Scotia, New York Agency, UBS AG, Bank of America, N.A.,

Standard Chartered Bank US, Commerzbank AG, New York Branch, and The Clearing House Payments Company, LLC (together the "Respondents").

C. The documentary and testimonial discovery sought through this Application is for use in proceedings pending before a foreign tribunal.

D. The Applicant is an interested person within the meaning of the statute, in its capacity as creditor in the foreign proceeding.

E. The discretionary factors, as described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.* (542 U.S. 241, 247 (2004)), weigh in favor of granting the requested assistance.

F. More particularly: (1) the Respondents are not expected to become parties to the Foreign Proceeding, thus, the need for this discovery is more apparent; (2) there is no indication that the foreign tribunal would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (3) the Application does not conceal an attempt to circumvent foreign proof-gathering restrictions; and (4) the Application seeks discovery that is not unduly intrusive or burdensome as the Application requests evidence of the type normally produced by financial institutions or corporate entities as third parties or parties in litigation.

G. The granting of the Petition ex parte is recognized in this Circuit. *See Gushlak v. Gushlak*, 486 F. App'x 215, 217, 2012 WL 2549813, at *1 (2d Cir. 2012) ("it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte").

Accordingly, it is hereby **ORDERED** and **ADJUGED** as follows:

1. The *ex parte* Application is **GRANTED**.

2. Any Discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

3. The Applicant's request for leave to conduct discovery including, but not limited to, leave to serve subpoenas in substantially similar form as the form attached to the Application and to take testimony is **GRANTED**.

4. The Applicant's request to be appointed as the person with the power to administer any necessary oath and take testimony or a statement is **GRANTED**.

5. The Respondents are ordered to preserve all relevant and potentially relevant evidence in their possession, custody or control until such time as Applicant communicates to them that the preservation is no longer necessary or until further order of this Court.

6. Applicant is further authorized to issue and serve additional follow-up subpoenas on the Respondents or third parties as may be necessary to obtain the documentary and testimonial evidence for use in the Foreign Proceedings.

7. Nothing in this Order should be construed to prevent or otherwise foreclose Applicant from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity. Further, nothing in this Order should be construed to prevent or otherwise foreclose Respondents from seeking appropriate relief from the Court.

IT IS SO ORDERED, this __8__ day of September, 2022.

_____
HON. STEWART D. AARON
UNITED STATES MAGISTRATE JUDGE